UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD A. CASE,<br><br>    Plaintiff,<br><br>v.<br><br>BONNER COUNTY COURTHOUSE, et al.<br><br>    Defendants. | Case No. 2:25-cv-00569-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

**INTRODUCTION**

Pending before the Court is Plaintiff Richard A. Case's Application to Proceed in Forma Pauperis (Dkt. 1) and his Complaint (Dkt. 2). Plaintiff is proceeding pro se. Because he seeks to proceed without paying the filing fee, the Court must determine whether he qualifies for in forma pauperis status under 28 U.S.C. § 1915(a). *See Hymas v United States*, 73 F.4th 763, 767 (9th Cir. 2023) (ruling § 1915(a) applies to all applicants for in forma pauperis status, both prisoner and non-prisoner). Further, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For the reasons stated below, the Court denies Plaintiff's application and dismisses his Complaint without prejudice.

**BACKGROUND**

Plaintiff alleges "violations of civil right to access the court and exercise self-representation" under 42 U.S.C. § 1983 (Dkt. 2 at 2). He identifies the defendants as "Bonner County Court & Prosecutor" (*id.* at 1). He also lists Ashley, Laurie, Kelsey, Devin, and Susan as defendants but does not provide their surnames (*id.* at 2).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

With his Complaint, Plaintiff filed a "Notice of Hearing" which is addressed to the Bonner County Courthouse in Sandpoint, Idaho (Dkt. 2-1). The Notice requests the clerk of the court file several documents in the Magistrate Division of the District Court for the First Judicial District of Idaho for Bonner County in Case No. CR-09-20-1108 (*id.*) These documents include, for example, "notice of appearance pro se," "motion to quash warrant," "motion to reset trial date," "second motion for full disclosure of discovery," and "motion to dismiss" (*id.*).

Plaintiff also files a "Statement of Claim," in which he explains that persons who answered the telephone on behalf of the Bonner County clerk's office and the Prosecuting Attorney's office would not speak to him or acknowledge receipt of his filings (Dkt. 2-2 at 1). He claims this conduct violates his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution (*id.*). He requests this Court instruct the Bonner County and the Prosecuting Attorney to recognize his filings and his right to "exercise 'self-representation'" and to give him "meaningful access" (*id.* at 4). Further, Plaintiff demands $75,000 in monetary damages (Dkt. 2 at 2).

## LEGAL STANDARD

Any party instituting a civil action in federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and any dependents the "necessities

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

## ANALYSIS

**A.    Application to Proceed In Forma Pauperis**

Plaintiff's application to proceed in forma pauperis indicates that he is "semi-disabled" and "unable to work fulltime as a journeyman carpenter" (Dkt. 1 at 3); he has no cash on hand or other means of support (*id.* at 2); and he owns a mobile home valued at approximately $50,000 and two vehicles, one of which has a value of $9,000 (*id.*). Notably, Plaintiff's application omits the first page of the Court's form application which requires Plaintiff to disclose his and his spouse's average monthly income during the past twelve months.

Because Plaintiff's application is incomplete, the Court is unable to determine his inability to pay a filing fee. Accordingly, the Court denies Plaintiff's application because it lacks particularity. *McQuade*, 647 F.2d at 940 (stating court may deny application if applicant is "unable, or unwilling, to verify" his poverty). If Plaintiff chooses to submit a revised application, he must include all the information about his financial situation to allow the Court to determine whether he qualifies to proceed in forma pauperis, including his and his spouse's average monthly income for the last twelve months. Further, he must either file the revised application or pay the full filing fee within thirty days of this Order's issuance. Failure to do so will result in the dismissal of this case without further notice.

**B.    Sufficiency of the Complaint**

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds at least two grounds for dismissing Plaintiff's Complaint. First, Plaintiff's complaint appears to raise challenges regarding an ongoing state criminal case pending in Bonner County, Case No. CR-09-20-1108. The State has charged Plaintiff in that case with driving under the influence in violation of Idaho Code § 18-8004.[1] Plaintiff does describe the status of that prosecution, but a review of Idaho's iCourt Portal database reveals that Plaintiff's criminal case is pending. *See* idahocourtportal.com, *State v. Case*, Bonner County, Case No. CR-09-20-1108 (accessed July 6, 2026). A recent docket entry shows a motion to quash a warrant and appear remotely was denied in October 2025. *Id.*

Generally, challenges to ongoing state criminal proceedings are subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court

---

[1]    Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Idaho state court documents in *State v. Case*, Bonner County, Case No. CR-09-20-1108, which the Court references in this decision. The documents are located on the State of Idaho's online database, iCourt Portal. *See* Fed. R. Evid. 201(b) (providing for judicial notice of facts not subject to reasonable dispute).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

reiterated the importance of the principle of comity between state and federal courts, holding that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. Adjudicating such claims is allowed only in the rarest of circumstances—that is, where "the threat to the plaintiff's federally protected rights . . . cannot be eliminated by his defense against a single [state] criminal prosecution." *Id.* at 46.

A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54.

This Court declines to hear Plaintiff's claims because all three *Younger* factors indicate abstention is required, and Plaintiff has failed to allege any circumstances supporting an exception that warrants this Court's departure from *Younger*. Because Plaintiff's Complaint implicates his pending state criminal proceeding, the Court abstains from considering his allegations and dismisses his Complaint.

A second, independent basis to dismiss Plaintiff's Complaint is that Plaintiff has not sufficiently pled a claim for relief. Plaintiff states his claims are brought under 42 U.S.C. § 1983, alleging generally that he was deprived of his civil rights under the Fifth, Sixth, and Fourteenth Amendments. To state a plausible civil rights claim, a plaintiff must allege a violation of rights

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A plaintiff cannot simply restate standards of law in a complaint. Likewise, a plaintiff must provide more than conclusory statements that a defendant harmed the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and the plaintiff's alleged injury or damage.

Here, Plaintiff appears to assert the state court has refused to acknowledge his pro se representation and to accept his pro se pleadings. Plaintiff, however, fails to provide any clear narrative regarding the alleged violation of his rights; what officer acted under color of state law in violation of Plaintiff's constitutional rights, and what damages Plaintiff suffered. For these reasons, Plaintiff has failed to state a claim for relief. Moreover, at least some of the entries in iCourt appear to refute Plaintiff's allegations. Contrary to Plaintiff's allegations, the docket in the state court proceeding acknowledges Plaintiff is representing himself pro se and shows the state court addressed his motion to quash. *State v. Case*, Bonner County, Case No. CR-09-20-1108 (accessed July 6, 2026).

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's In Forma Pauperis Application (Dkt. 1) is DENIED WITHOUT PREJUDICE. Plaintiff may file an updated, complete in forma pauperis application that includes specific details of his financial situation sufficient to determine whether he qualifies to proceed in forma pauperis. **Any future in forma pauperis application must be filed within thirty (30) days of the issuance**

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

**of this Order.** Failure to submit an updated application or pay the full filing fee within the ordered timeframe will result in dismissal of this case without further notice.

2. Plaintiff's Complaint (Dkt. 2) is deficient because it challenges a pending state court criminal action and fails to state a claim upon which relief may be granted. The Court DISMISSES the Complaint WITHOUT PREJUDICE. **Further, the Court GRANTS Plaintiff leave to file an Amended Complaint in substantial compliance with the Court's analysis above within thirty (30) days of the issuance of this Order.** Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case WITH PREJUDICE and without further notice.

DATED: July 07, 2026

Amanda K. Brailsford
U.S. District Court Judge